**AMENDED**                                                                    ◯

on 11/1/12 - pgs 2-4 dated 10/29/12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0704 DOC (ANx)                          Date: October 29, 2012

Title: FEDERAL DEPOSIT INSURANCE CORPORATION V. CORELOGIC VALUATION
SERVICES, LLC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                      N/A
Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING DEFENDANTS'**
**MOTION TO COMPEL (DKT. 68)**

Defendants CoreLogic Valuation Services (CoreLogic Valuation) and CoreLogic Real Estate Solutions (CoreLogic Real Estate) have asked the Court to compel the Federal Deposit Insurance Corporation (FDIC) to answer Defendants' Requests For Admissions (RFAs). Motion To Compel (Mot., Dkt. 68). This Court is handling all discovery disputes in the case.

Specifically, Defendants ask the Court to compel answers to RFAs 8-9 and 11-29. Those RFAs ask the Federal Deposit Insurance Corporation ("FDIC") to admit allegations that the FDIC made in another federal court lawsuit, *Federal Deposit Insurance Corp. v. Killinger, et al.*, 2:11-CV-00459-MJP (W.D. Wash.) (filed Mar. 16, 2011).

**I.  Background: *Killinger* and the current lawsuit**

In *Killinger*, the FDIC sued senior executives at Washington Mutual Bank ("WaMu"), alleging wrongdoing by those executives that led WaMu to make reckless loans. Mot. 2. The loans made in this case are a subset of the loans that were the subject of the *Killinger* litigation against WaMu's executives. The *Killinger* action did not go to trial, and ended with a $64 million settlement. Porter Decl. (Dkt. 68-3), Ex. 6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

29

Case No. SACV 11-0704-DOC (ANx)                    Date: October 30, 2012
                                                   Page 2

---

In this action, the FDIC, as receiver for WaMu, has sued predecessor companies of Corelogic Valuation and Corelogic Real Estate.[1]  The claim is for breach of contract: for example, Corelogic Valuation is accused of violating its agreement to provide appraisal services that would conform to relevant laws, guidelines, and industry standards.  The FDIC alleges that WaMu suffered about $113 million in losses on 169 loans that were made in reliance on CoreLogic Valuation's appraisal services.  Response 2.

**Defendants' RFAs**

Defendants have propounded RFAs asking the FDIC to admit the allegations made in *Killinger*.  For example, RFA 12 asks the FDIC to admit, as alleged in *Killinger*, that the "negligence, gross negligence, and breaches of fiduciary duty of WAMU's former" top officers "caused WAMU to lose billions of dollars in or around 2008."  Mot. Ex. 1 (Dkt. 68-4) at 5.

In response, the FDIC has provided essentially the same answer to all the RFAs at issue, first objecting on the ground that the subject matter is irrelevant and not likely to lead to the discovery of admissible evidence.  The FDIC also objects on the basis that "the allegations in the complaint in another case are not binding on the FDIC."  The response goes on to state:

"[T]he FDIC admits that the complaint says what it says.  The FDIC further states that it had a good faith belief that the allegation was true at the time that the complaint was filed, but the defendants in that case vehemently denied that the allegation was true.  The case settled prior to any significant discovery being conducted, and whether the allegations are true has not been determined."

**II. Analysis**

A proper answer to an RFA, if it does not admit the matter, must either "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(4).  CoreLogic argues that the FDIC has chosen none of those three options.

To make this argument, CoreLogic splits the FDIC's response into three parts.  The first third contains the FDIC's objections on relevance, on a purported unlikelihood that the subject

---

[1] Corelogic Valuation Services was formerly known as eAppraiseIT, and Corelogic Real Estate Solutions was formerly known as First American Real Estate Solutions.  For simplicity, the current company names shall be used.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0704-DOC (ANx)                    Date: October 30, 2012

                                                                    Page 3

---

matter will lead to the discovery of admissible evidence.[2]  It also contains the FDIC's statement that the allegations in *Killinger* are not binding.  Mot. 9-13.

    CoreLogic's second attack is that it is not an answer to state that "the complaint says what it says."  Mot. 13-15.  CoreLogic relies most heavily on *FDIC v. Halpern*, 271 F.R.D. 191 (D. Nev. 2010), for the idea that responses that documents "speak for themselves" are "evasive because they do not fairly respond to the substance of the matters that Defendants request be admitted."  *Id.* at 196.  In *Halpern*, the FDIC neither admitted, denied, nor stated that it could not admit or deny, the RFAs that CoreLogic claims are analogous to the RFAs here.  *See id.* at 195-196.  Thus, the Court granted Defendants' motion to compel, to require the FDIC to do one of the three options it has under Rule 36.  *Id.*

    CoreLogic is correct that "the complaint says what it says" is not a sufficient answer on its own.  It is insufficient in the simple scenario where an RFA quotes a document and asks the other party to admit the document contains that quote (i.e., that the quote is accurate).  *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006).[3]  It would also be insufficient here, where CoreLogic is asking the FDIC to admit that complicated causal allegations in *Killinger* are, in fact, true.

    But "the complaint says what it says" is not entirely of the FDIC's response, and the explanation offered distinguishes this case from *Halpern*.  Further on in the response, it becomes clear that the FDIC is explaining why it cannot admit or deny the RFAs, which is a proper response.  *See* Fed. R. Civ. P. 36(4).  This is clearest when considering the third part of the FDIC's response, which CoreLogic contends is "not just evasive and non-responsive," but also "grossly misleading."  Mot. 16.  That section states:

---

[2] CoreLogic is correct that the RFAs clearly meet the standard of relevance for discovery.  The information sought is relevant to issues of causation, for example, in that the FDIC is alleging that Defendants' conduct caused WaMu to issue loans it otherwise would not have issued.  Mot. 10; *See* Response 2 ("those loans would not have been made if the appraisal services provided . . . had complied with the standards set out in the written agreement . . .").  If WaMu was recklessly making loans, that undercuts the strength of claims that Defendants caused those loans to issue.  The information sought in discovery need only be "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1).

[3] It is also not true, as the FDIC contends, that "the complaint says what it says" is the same as the FDIC "admitt[ing] that the quoted portions of the *Killinger* complaint in the Requests for Admission are in fact quoted correctly."  Response 5.  To "admit that the complaint says what it says," simply admits that the complaint's text says whatever that text says.  That response sidesteps directly admitting that the complaint is accurately quoted in the RFA.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0704-DOC (ANx)                    Date: October 30, 2012

Page 4

---

> "The FDIC further states that it had a good faith belief that the allegation was
> true at the time that the complaint was filed, but the defendants in that case
> vehemently denied that the allegation was true.  The case settled prior to any
> significant discovery being conducted, and whether the allegations are true has
> not been determined."

While CoreLogic contends that this is an "irrelevant narrative," Mot. 15, the point of this portion
of the response is that the allegations never reached the point of certainty such that the FDIC is
able to state that they are true.  As an example, RFA Number 15, asks the FDIC to admit whether
WaMu's "former CEO, COO, and President of Home Loans knew that WAMU was taking
extreme risks when it focused on growing" its residential portfolio with certain types of loans.
Porter Decl., Ex 1, at 7 (Dkt. 68-4).  In response, the FDIC is essentially stating (1) that it
believed the allegations were true, but (2) that point was sharply contested, and, (3) in the
context of that case, with settlement before trial, the FDIC does not know the truth of that
allegation.  The FDIC does not have to "provide an unequivocal admission or denial of the
RFAs," Mot. 15, to an RFA like Number 15, where to do so would require the FDIC to perform
something like a trial in absentia of what its former officers knew.[4]

        The allegations in *Killinger* may well be useful to Defendants at trial, on issues such as
damages and causation.  But, as this Court has done in the past, *see* Order Granting Inm Part And
Denying In Part Defendants' Motion To Dismiss (Dkt. 36, at 9), it declines to elevate allegations
in another case to the status of definite facts that the FDIC must be able to admit because it
conducted an investigation in *Killinger*.

        **III. Conclusion**

        For the reasons stated above, the Motion To Compel is DENIED.

        The Clerk shall serve this order on all parties.

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk: jcb

---

[4] The Defendants points out that the FDIC has had WaMu's books and records, and that the FDIC's
policy is to bring lawsuits such as the *Killinger* action, only after rigorous review.  Mot. 13 n.7, 15.
Defendants contend such suits are filed against directors "only when the FDIC believes it is 'more than
likely to succeed' in the litigation."  Mot. 16 (citing Managing the Crisis, Professional Liability Claims, at
266 (Porter Decl., Ex. 8, at 177)).  But this fits the FDIC's response: it believed its allegations, but there is
a gap between having good faith belief in allegations and being able to say that the allegation is true.